with ten dollars costs and disbursements; defendant to serve a verified amended answer, omitting therefrom the paragraphs stricken out, within ten days from service of a copy of the order herein upon payment of such costs. No opinion. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

In the Matter of the Application of SOUTH OZONE PARK LUMBER AND SUPPLY CORPORATION, Relator, for a Certiorari Order against the BOARD OF APPEALS, TOWN OF NORTH HEMPSTEAD, and FREDERICK L. HAYES and Others, Members of Said Board, Respondents.— Determination of the board of appeals unanimously confirmed and certiorari proceeding dismissed, with fifty dollars costs and disbursements, without prejudice to a new application to the town board for a rezoning. Application for a change of zoning was improperly made to the board of appeals of the town of North Hempstead. (Town of North Hempstead Building Zone Ordinance of 1929, art. XI, § 2; *People ex rel. Beinert* v. *Miller*, 188 App. Div. 113.) Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

JESSIE JACKSON, Appellant, v. PASQUALE BOLOGNA, Respondent.— Order opening, upon condition, default of defendant, Pasquale Bologna, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

LEON JACKSON, an Infant, by JESSIE JACKSON, His Guardian ad Litem, Appellant. v. PASQUALE BOLOGNA, Respondent.— Order opening, upon condition, default of defendant, Pasquale Bologna, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

FRED C. JENNINGS CONSTRUCTION CO., INC., Respondent, v. NORK HOME CORPORATION, Appellant.— Judgment reversed upon the law and the facts and a new trial granted, costs to abide the event. We are of opinion that there is not sufficient evidence of an oral modification of the written contract or of an estoppel resulting from plaintiff's change of position in reliance upon the promise of defendant to subordinate its mortgage to the liens, which promise it is alleged Kelmenson made. We shall not decide at this time the question of Kelmenson's authority to bind the defendant. Findings of fact and conclusions of law inconsistent herewith are reversed. Lazansky, P. J., Rich, Young, Kapper and Tompkins, JJ., concur. Settle order on notice.

JOSEPH J. MANCUSI, Appellant, v. CITY REALTY COMPANY OF NEW ROCHELLE. NEW YORK, Respondent.— Judgment affirmed, with costs. In addition to findings of the Special Term we further find that the time to close the contract was extended by an agreement whereby the plaintiff agreed to pay the carrying charges, including interest, taxes, etc., up to the time of closing. Lazansky, P. J., Rich, Kapper and Scudder, JJ., concur; Hagarty, J., dissents. Settle order on notice.

LEE McCANLISS, Respondent, v. IRENE McCANLISS, Appellant.— Order denying defendant's motion to dismiss the complaint for insufficiency and for judgment on the pleadings affirmed, without costs. The court is of opinion that the questions of law raised by appellant should await determination until after all facts are elicited upon a trial. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

SARAH PARKER and SOL PARKER, Respondents, v. MORRIS ROSENBERG and ROSENBERG CORNICE AND ROOFING CORPORATION, Appellants.— Order reversed